**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 4, 2009

Charles R. Fulbruge III
Clerk

No. 08-30437
Summary Calendar

FLORIDA B DOUCET,

Plaintiff-Appellee

v.

CITY OF BUNKIE; REGGIE SANDERS, Individually and in His Official
Capacity as Police Officer for the City of Bunkie,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:04-CV-1231

_____

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellee Florida Doucet brought this suit against Defendants-Appellants City of Bunkie, Louisiana, and Officer Reggie Sanders, the latter in both his individual and official capacities.[1] Doucet alleges a violation of her

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

[1] In addition to an excessive force claim, Doucet originally brought other claims, but they were dismissed before trial. Doucet does not appeal those dismissals. Therefore, only the excessive force claim is before this court.

Fourth Amendment rights—specifically, she contends that Sanders used a chemical weapon, Freeze Plus P chemical pepper spray, on her, and that such use was excessive because Doucet, already physically impaired, was handcuffed at the time.

After conducting a bench trial, the district court found for Doucet on her claims against both defendants, awarding damages of $6,150. The verdict against Sanders could have been based on 42 U.S.C. § 1983. The verdict against the city was based on Louisiana law. La. C. C. art. 2320 (providing that "[m]asters and employers are answerable for the damage occasioned by their servants . . . in the exercise of the functions in which they are employed"); *Kyle v. City of New Orleans*, 353 So. 2d 969, 972 (1977) (noting the availability of municipal liability under art. 2320 when officers use unreasonable or excessive force); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (holding that municipalities cannot be held liable under § 1983 on a pure *respondeat superior* theory). Defendants appeal. The parties are familiar with the facts of this case. After considering the district court's opinion and the briefing, we affirm.

A district court's findings of fact following a bench trial will only be disturbed if clearly erroneous. Fed. R. Civ. P. 52(a). Defendants complain that a lack of specificity in the trial court's judgment creates such error. This complaint is without merit.

Based on the evidence adduced at trial, the district court could have found that Sanders used an unjustifiable quantum of force on the plaintiff. The court noted that the parties' testimony concerning the circumstances of Sanders' use of the chemical weapon was "diametrically opposed"; accordingly, it paid particular attention to the testimony of the other officer on the scene that night, Officer Russell Jones, on this point. Jones said that it appeared that Sanders had the situation under control, and that he believed Sanders did not use the chemical weapon before Doucet was seated in the police car. The court further stated that "[a]ll the testimony agrees that Ms. Doucet was handcuffed before

she was placed in the vehicle." The court stated that although "the evidence shows Ms. Doucet was loud and uncooperative during the incident," it did not believe that "this obese woman with asthma and a limp (an infirmity which was apparently obvious to everyone but Officer Sanders), actually ran/moved quickly away from him or posed any threat to his safety." Applying the relevant legal standards and considering the parties' competing versions of the incident, the court found Sanders' use of the chemical weapon unreasonable and excessive. It could have reached that conclusion notwithstanding defendants' qualified immunity defense because it determined, on the basis of the facts before it, both that Sanders' conduct deprived Doucet of rights that were clearly established, and that his conduct was objectively unreasonable. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). That determination was correct.

Accordingly, the judgment of the district court is AFFIRMED.